IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY III, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:20-CV-1373-P |
| § | | |
| BOBBY LUMPKIN, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Ross Thomas Brantley III, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Bobby Lumpkin, director of that division, Respondent. After having considered the pleadings, state court records, and relief sought by Petitioner, the court has concluded that the petition should be denied.

**I. BACKGROUND**

By this habeas petition, Petitioner challenges a 2020 disciplinary proceeding conducted at the Ramsey unit and the resultant temporary loss of recreation, commissary, telephone, and contact visitation privileges. Disciplinary Hr'g R. 4, ECF No. 15-2. Petitioner was charged in Disciplinary Case No. 20200219747 with assaulting an officer without a weapon that resulted in no injuries, a level 1, code 3.3 violation, by throwing his boxer shorts after showering and hitting the reporting officer. *Id.* at 7. After receiving notice of the charges, Petitioner and his "counsel substitute" subsequently attended a disciplinary hearing,

during which he pleaded guilty to the offense. *Id.* at 3. After considering the evidence admitted during the hearing, the disciplinary hearing officer found Petitioner guilty of the violation. *Id.* Petitioner filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. Disciplinary Grievance R. 3–6, ECF No. 15-1. This federal petition for writ of habeas corpus followed.

## II. ISSUES

In four grounds, petitioner raises the following claims:

(1) he is "legally innocent" of the disciplinary violation;
(2) his right to due process under the Fourteenth Amendment was violated;
(3) he was placed in segregation without running water constituting unusual punishment; and
(4) his right to due course under the Fifth Amendment was violated because the hearing officer did not hold the rank of captain.

Pet. 6–7. ECF No. 1. He seeks to have the disciplinary violation expunged from his prison record. *Id.* at 7.

## III. RULE 5 STATEMENT

Respondent believes exhaustion as required by 28 U.S.C. § 2254(b) was accomplished because Petitioner filed Step 1 and 2 grievances, which were both considered and rejected by prison officials. Disciplinary Grievance R. 3–6, ECF No. 15-1; Resp't's Answer 5, ECF No. 13. Respondent does not believe that the petition is untimely or subject to the successive-petition bar.

## IV. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a

violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). In Texas, only disciplinary proceedings resulting in the loss of good time credits for inmates who are eligible for release on mandatory supervision implicate protected constitutional rights. *Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir.2000). Petitioner did not lose any good time credits as a result of the disciplinary proceeding. Accordingly, he fails to state a claim for federal habeas-corpus relief.

## V.  CONCLUSION

Petitioner has failed to show that he has been denied a constitutionally protected right warranting federal habeas relief.

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this 23rd day of April, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3